*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K.D. ATEM, Minor.

UNPUBLISHED
July 21, 2022

No. 359550
Ionia Circuit Court
Family Division
LC No. 2019-000335-NA

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

Respondent-father appeals the termination of his parental rights under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), and (j) (reasonable likelihood that the child will be harmed if returned to the parent). Because we find that at least one ground for statutory termination was established by clear and convincing evidence, we affirm.

## I. BACKGROUND

When KDA was just three months old, the Department of Health and Human Services (DHHS) filed a petition to remove the child from mother's care because she was admitted into a mental health facility and tested positive for methamphetamine. The petition was authorized and the child was placed with a foster family.[1]

Initially, another man was designated as KDA's legal father based on an affidavit of parentage. However, DNA testing excluded that man as the child's father. Subsequent DNA testing confirmed that there was a 99.99% probability that respondent was KDA's biological father. Thereafter, the DHHS filed a supplemental petition adding respondent.[2] The allegations against

---

[1] Ultimately, the mother's parental rights were terminated pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j), which this Court affirmed. *In re K D Atem*, unpublished per curiam opinion of the Court of Appeals, issued October 21, 2021 (Docket No. 356723).

[2] A second supplemental petition was filed to reflect that the mother had requested that minor child's name be legally changed.

-1-

respondent included that he had a prevalent criminal and substance abuse history, that he did not have a stable and independent home environment for the minor child, that he had not provided proof of stable, long-term employment, and that he had a minimal bond with the minor child. Respondent admitted that he was the child's biological father and that he had a minimal bond with the minor child since beginning parenting time, which affected his ability to parent the child. The trial court authorized the petition, continued the child's placement with the foster family, granted supervised parenting time to respondent, and ordered reasonable efforts to preserve and reunify the family.

Despite ample time and opportunity, respondent failed to complete all of the services that the DHHS provided to him to assist with rectifying his barriers to reunification. He did not participate in individual or group counseling for his mental health issues. He was referred to domestic violence and crisis prevention resources, but did not participate. He was removed from a service to improve his parenting skills because he missed three consecutive appointments. And he only attended 21 of his 48 scheduled parenting-time visits.

Significantly, respondent failed to make any significant progress on his sobriety. When the supplemental petition was filed in February 2020, respondent was on probation for his third operating a vehicle while intoxicated (OWI) conviction. In August 2020, respondent was arrested on his fourth OWI. Respondent's other minor child was in the vehicle with him when he was arrested. Respondent pleaded guilty to OWI[3] and was sentenced to 23 to 60 months' incarceration. Respondent has been incarcerated since August 2020.[4] His earliest release date is May 2023.

In October 2021, the DHHS filed a petition seeking termination of respondent's parental rights.[5] The trial court held that there was clear and convincing evidence supporting termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j), and that termination was in the child's best interest. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016) (quotation marks and citations omitted). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

---

[3] Respondent testified that his blood alcohol level was 0.319.

[4] Respondent is also serving a sentence for violating his probation on the 2018 OWI conviction.

[5] The DHHS also filed a petition to terminate respondent's parental rights in November 2020. But the trial court denied that petition because, at that time, respondent had not been given a reasonable opportunity to rectify the barriers to reunification.

## III. ANALYSIS

Respondent argues that there was insufficient evidence to terminate his parental rights. We disagree.

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j). "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." "This statutory ground exists when the conditions that brought the [child] into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services[.]" *White*, 303 Mich App at 710 (quotation marks and citation omitted). Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). Incarceration alone does not constitute grounds for termination. *In re Mason*, 486 Mich 142, 146; 782 NW2d 747 (2010).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. But respondent argues that the conditions that lead to adjudication no longer existed or could be rectified within a reasonable time. We disagree. The initial disposition order was based on respondent's admission that he had a minimal bond with the minor child since beginning parenting time in January 2020, which affected his ability to parent the child. Respondent was involved in nearly two years of services prior to the termination proceedings, but acknowledged that his still lacked a bond with KDA. At the time of the November 2021 termination hearing, respondent had last seen the child in June 2020, having only participated in 21 of his 48 parenting-time visits before his parenting time was suspended due to his incarceration. The caseworkers testified that they did not observe any real bond between respondent and KDA during those parenting-time visits.

Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. Because the totality of the evidence amply supports that respondent did not accomplish any meaningful change in the conditions existing at the time of the adjudication, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering respondent's earliest release date of May 2023 and the child's age, we are not left with a definite and firm conviction that a mistake has been made. See *In re Ellis,* 294 Mich App at 33. Accordingly, we conclude that the trial court did not clearly err in finding that termination was proper under MCL 712A.19b(3)(c)(*i*).

Although it is not necessary for us to consider the other statutory grounds cited by the trial court, *Foster*, 285 Mich App at 633, we also find that the trial court did not clearly err in finding that termination was proper under MCL 712A.19b(3)(c)(*ii*). Specifically, the trial court found that respondent's substance abuse and emotional instability continued to be significant barriers to reunification. Respondent argues that he had been sober for more than a year at the time of termination, completed a substance abuse treatment program through the Department of Corrections, and participated in weekly alcoholics anonymous (AA) meetings in prison. However, as the trial court recognized, respondent has a lot more work to do for his very serious alcohol problem. He has never participated in any AA meetings outside of prison, he has never voluntarily participated in counseling for his sobriety outside of prison, and he has never maintained a sponsor for his sobriety. At the commencement of these proceedings, respondent was on probation for his third OWI conviction. During his probation, he had three violations for ingesting alcohol while he was wearing an alcohol-monitoring device. And he is currently serving a prison sentence for his fourth OWI offense that occurred during the pendency of these proceedings and while he was on probation for his third OWI. When he was arrested for his fourth OWI, the arresting officer reported that respondent was swerving all over the road, that his six-year-old child was unbuckled in the backseat, and there was an empty bottle of bourbon in the vehicle. Respondent was identified as being a moderate risk for relapse upon his release from prison. Further, the evidence and testimony established that it would be a minimum of 22 months before respondent could rectify his substance abuse barrier.[6] The trial court did not clearly err when it found that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(c)(*ii*).

Because the trial court did not err by holding that statutory grounds for termination had been proven under MCL 712A.19b(3)(c)(*i*) and (*ii*), we need not address its holding regarding statutory grounds for termination under MCL 712A.19b(3)(j). *Foster*, 285 Mich App at 633. However, we do note that this Court has held that "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *White*, 303 Mich App at 711.

## IV. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ Sima G. Patel

---

[6] This is based on respondent's earliest release date of May 2023 and the approximate four months of intense counseling that a medical expert opined would be needed to address his alcoholism and emotional instability upon his release from prison.

-4-